SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–3361 PA (JCx) | Date | June 12, 2008 |
|---|---|---|---|
| Title | Nicole Williams v. The Sherwin-Williams Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Rosa Morales | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by The Sherman-Williams Company ("Defendant"). (Docket No. 1.) Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

To establish diversity jurisdiction pursuant to CAFA, the removing party must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(d); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 680, 685 (9th Cir. 2006). These basic jurisdictional requirements must appear on the face of the pleading. See Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987) (noting that neither the removal petition nor the record indicated diversity of the parties), overruled on other grounds by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991); see also Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc., 461 F. Supp. 2d 768, 775 (S.D. Ill. 2006) (stating that the Seventh Circuit "has cautioned that CAFA is to be interpreted in a manner consistent with pre-CAFA federal law and is presumed not to alter traditional rules governing removal, save to the extent it does so explicitly.") (collecting cases).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08–3361 PA (JCx) | Date | June 12, 2008 |
|---|---|---|---|
| Title | Nicole Williams v. The Sherwin-Williams Co. | | |

      To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

      Here, Defendant asserts that diversity exists because the named plaintiff is diverse from Defendant. Defendant alleges that "Plaintiff is a resident of California, and Sherwin-Williams is an Ohio corporation with its principal place of business in the State of Ohio." (Not. of Removal ¶ 14.) Defendant further alleges that "Plaintiff alleges that she was, at the time of the filing of this action, and still is, both a resident and citizen of the State of California (Complaint ¶6.)" (Not. Of Removal ¶ 15.) However, Paragraph 6 of the complaint states: "Plaintiff is a citizen of the United States and a resident of San Luis Obispo County, California." She does not state that she is a citizen of, or is domiciled in, California. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Because the complaint merely alleges Plaintiff's residence, Defendant's allegation of Plaintiff's citizenship appears to be without a basis.

      Because neither the "four corners" of the complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See Harris, 425 F.3d at 694. Accordingly, the Court remands this action to San Luis Obispo County Superior Court, Case No. CV–080338, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.